FILED



JUL 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VIACOM INTERNATIONAL, INC., a
Delaware corporation,

      Plaintiff-counter-
      defendant-Appellee,

 v.

MGA ENTERTAINMENT, INC.,

      Defendant-counter-claimant-
      Appellant,

 and

DOES, 1-10, inclusive,

          Counter-defendant.

No.   16-56475

D.C. No. 2:15-cv-09621-R-E
Central District of California,
Los Angeles

ORDER

Before: TALLMAN and NGUYEN, Circuit Judges, and BENNETT,[*] District
Judge.

The memorandum disposition filed on June 21, 2018, is replaced with the

concurrently filed amended memorandum disposition.

The petition for rehearing is DENIED.  No future petitions shall be

entertained.

IT IS SO ORDERED.

---

      [*]     The Honorable Mark W. Bennett, United States District Judge for the
Northern District of Iowa, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



VIACOM INTERNATIONAL, INC., a Delaware corporation,

      Plaintiff-counter-defendant-Appellee,

  v.

MGA ENTERTAINMENT, INC.,

      Defendant-counter-claimant-Appellant,

 and

DOES, 1-10, inclusive,

      Counter-defendants.

No.   16-56475

D.C. No. 2:15-cv-09621-R-E

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 7, 2018
Pasadena, California

Before: TALLMAN and NGUYEN, Circuit Judges, and BENNETT,[**] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa, sitting by designation.

Appellant MGA Entertainment, Inc., a toy manufacturer, and Appellee Viacom International, Inc., the owner of cable television channels, entered into agreements to develop and air a television show, *Lalaloopsy*, both domestically and internationally, based on MGA's Lalaloopsy fashion doll. The parties also had a contract for MGA's advertising on Viacom media. After MGA failed to make contractually obligated payments, Viacom sued MGA for breach of the agreements, and MGA asserted counterclaims and various defenses. The district court granted summary judgment in favor of Viacom, and MGA appeals.

We have jurisdiction under 28 U.S.C. § 1291, and we review de novo a district court's grant of summary judgment. *Sierra Med. Servs. All. v. Kent*, 883 F.3d 1216, 1222 (9th Cir. 2018). The parties agree that their claims are governed by California law.

1.    As to the Co-Finance Agreement (CFA) concerning development, financing, and domestic airing of *Lalaloopsy*, the district court correctly concluded that to prove either a breach of contract or a viable excuse for non-performance, MGA must show that Viacom materially breached the contract, *Brown v. Grimes*, 120 Cal. Rptr. 3d 893, 903 (Ct. App. 2011), and that the breach caused MGA's resulting damages, *Troyk v. Farmers Grp., Inc.*, 90 Cal. Rptr. 3d 589, 628–29 (Ct. App. 2009). The district court correctly concluded that MGA did not establish a genuine issue of material fact that any breach by Viacom was material, or otherwise stated, that Viacom failed to "regularly" air *Lalaloopsy*. MGA's

argument involving an implied covenant of good faith and fair dealing also fails because an "implied covenant does not trump an agreement's express language," *Steiner v. Thexton*, 226 P.3d 359, 365 (Cal. 2010), and the implied covenant cannot impose substantive terms and conditions beyond those to which the contracting parties actually agreed, *see Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1110 (Cal. 2000). Furthermore, nothing but speculation connects Viacom's alleged breaches of the CFA to any loss of sales of Lalaloopsy dolls.

**2.** As for the International Advertising Agreement (IAA), there is no dispute that MGA did not fulfill its required $5 million "spend" on international advertising within the time specified. On MGA's "excuse" defense, no reasonable jury could find that (1) the alleged unhappiness of MGA's international distributors, prevented or delayed MGA's fulfillment of its commitment; (2) Viacom materially breached its airing obligations under the companion International Licensing Agreement (ILA) when it substantially performed; or (3) Viacom had no excess international advertising inventory during the relevant period, so that Viacom had no damages. *Standard Iron Works v. Globe Jewelry & Loan, Inc.*, 330 P.2d 271, 278 (Ct. App. 1958) ("Mere difficulty or unusual or unexpected expense will not excuse a party for failing to comply with the terms of his contract."). Therefore, we affirm summary judgment in favor of Viacom on the IAA claim.

**3.**     MGA does not dispute on appeal that it breached the so-called Beacon Agreement**,** relating to MGA's advertising on Viacom media.  We need not address the district court's conclusion that "failure to mitigate" was inapplicable where MGA's advertising commitment was "non-cancellable," because we "may affirm [summary judgment] on any ground supported by the record." *Perez v. City of Roseville*, 882 F.3d 843, 850 (9th Cir. 2018).  Evidence that networks may have been short of advertising inventory at the time of MGA's breach, would allow jurors to speculate that Viacom could have taken further steps to mitigate its damages.  That evidence would not, however, be enough for a reasonable jury to conclude that when a suitable offer was made to purchase MGA's "cancelled" advertising inventory, Viacom unreasonably rejected that offer. *Green v. Smith*, 67 Cal. Rptr. 796, 800 (Ct. App. 1968).

Costs are awarded to Plaintiff-Appellee Viacom.

**AFFIRMED.**

16-56475